**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| KAWNEER COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCE GLAZING TECHNOLOGIES, INC., RICHARD G. FILIPIAK, and LARRY H. FILIPIAK,<br><br>Defendants. | Civil Action No. 25-773-RGA |

MEMORANDUM OPINION

Joanna J. Cline, Emily L. Wheatley, TROUTMAN PEPPER LOCKE LLP, Wilmington, DE,

    Attorneys for Plaintiff.

Gary W. Lipkin, FLASTER/GREENBERG P.C., Wilmington, DE,

    Attorney for Defendant Richard G. Filipiak.

Gary W. Lipkin, FLASTER/GREENBERG P.C., Wilmington, DE; Joseph S. Naylor, SWARTZ CAMPBELL LLC, Wilmington, DE,

    Attorneys for Defendant Larry H. Filipiak.

June 24, 2026

1

**ANDREWS, U.S. DISTRICT JUDGE:**

On June 23, 2025, Plaintiff Kawneer filed suit against Alliance Glazing, Richard G. Filipiak, and Larry H. Filipiak[1] for the failure to pay fees due under a contract. (D.I. 1). Kawneer is incorporated in Delaware and has its primary place of business in Pittsburgh, Pennsylvania. (*Id.* at 3). Alliance Glazing is both incorporated in and has its primary place of business in Illinois. (*Id.*). Richard Filipiak is an individual domiciled in Illinois. (D.I. 17 at ¶ 2). Larry Filipiak is an individual domiciled in Texas. (D.I. 29-1, Ex. A at ¶ 2).

In December 2023 (D.I. 1-1, Ex. C) and April 2024 (*Id.* at Ex. D), Alliance Glazing issued purchase orders to Kawneer for windows and doors to be used in a project in Texas. (D.I. 1 at 5). Kawneer asserts that Alliance Glazing has failed to pay. (*Id.* at 2). According to Kawneer, Richard and Larry Filipiak are liable because of a March 1995 Personal Guaranty made to Kawneer by the Filipiaks, on behalf of Alliance Glass & Metal (the "1995 Guaranty") (D.I. 1-1, Ex. B). (D.I. 1 at 2–3, 7). Although disputed by the Filipiaks, Kawneer asserts that Alliance Glazing is one of the names under which Alliance Glass & Metal does business. (D.I. 23 at 14–15).

Richard Filipiak filed a motion to dismiss Kawneer's Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for transfer for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). (D.I. 15). Larry Filipiak joined the motion to dismiss. (D.I. 29). I have reviewed the parties' briefing. (D.I. 16, 23, 28, 29, 30, 31). For the reasons explained below, the Filipiaks' motion to dismiss is GRANTED.

---

[1] Richard and Larry Filipiak are brothers. (D.I. 16 at 3). As Larry Filipiak joined Richard Filipiak's motion to dismiss (D.I. 29), I refer to the brothers jointly as "the Filipiaks" when relevant to both Defendants.

2

## I.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss a case based on the court's lack of personal jurisdiction over that party.  When reviewing a motion to dismiss pursuant to Rule 12(b)(2), the plaintiff has the burden to present a prima facie case for the exercise of personal jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state."  *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).  When the court does not hold an evidentiary hearing on the motion to dismiss, "the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor."  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

Because the personal jurisdiction requirement is based on individual liberty interests protected by the Due Process Clause, it can, like other such rights, be waived by any legal arrangement that demonstrates a party's expressed or implied consent to that jurisdiction.  *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702–04 (1982).  In the absence of consent, personal jurisdiction exists if two requirements are satisfied.  First, there must be a statutory basis for jurisdiction pursuant to Delaware's long-arm statute.  *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 523 F.3d 147, 155 (3d Cir. 2010).  Second, the exercise of jurisdiction over the defendant must comport with the Due Process Clause of the Fourteenth Amendment.  *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 315 (1945).  Delaware's long-arm statute "has been broadly construed to confer jurisdiction to the maximum extent possible under the Due Process Clause."  *LaNuova D & B, S.p.A. v. Bowe Co.*, 513 A.2d 764, 768 (Del. 1986).  However, the personal jurisdiction analysis "must not be collapsed into a single constitutional inquiry."  *Power Integrations, Inc. v. BCD Semiconductor Corp.*, 547 F. Supp. 2d 365, 370 n. 3 (D. Del. 2008).

3

## II.    DISCUSSION

Kawneer does not assert that the Filipiaks have consented to personal jurisdiction in Delaware. (*See* D.I. 23 at 6-10; D.I. 30 at 5-7). Thus, for this Court to have jurisdiction, Delaware's long-arm statute must apply. *Eurofins Pharma*, 523 F.3d at 155. Kawneer argues that this Court has specific personal jurisdiction over the Filipiak defendants under Section 3104(c)(6), which provides for personal jurisdiction over a person who "[c]ontracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing." (D.I. 23 at 6–7, quoting 10 Del. C. § 3104(c)(6)). Kawneer argues that this section applies to the Filipiaks because they each voluntarily signed the 1995 Guaranty agreeing to act as sureties for an obligation in Delaware. (D.I. 1 at ¶¶16–18; D.I. 23 at 6–8; D.I. 30 at 5–6).[2]

Richard Filipiak argues that Section 3104(c)(6) only confers jurisdiction when a guaranty agreement insures a Delaware entity or property. (D.I. 28 at 4–5). At the time the 1995 Guaranty was signed, it guaranteed the financial obligations of Alliance Glass & Metal, a company based in Illinois, and was not intended to purchase anything in Delaware. (*Id.*). As the 1995 Guaranty did not protect any obligation or property located in Delaware at the time of signing, Section 3104(c)(6) does not apply. (*Id.* at 5–7).

Delaware's long-arm statute is construed "liberally so as to provide jurisdiction to the maximum extent possible" in order "to provide residents a means of redress against those not subject to personal service within the State." *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1156–57

---

[2] The Complaint appears to assert personal jurisdiction on the basis of a theory that Plaintiff is no longer asserting. The Section 3104(c)(6) theory was first asserted when Kawneer filed its response to Richard Filipiak's motion to dismiss. (D.I. 23). Thus, the first time Richard Filipiak could address Kawneer's jurisdictional argument was in his reply brief. (D.I. 28). The only disputes I address in this Memorandum Opinion are the ones related to the Section 3104(c)(6) theory.

4

(Del. Super. Ct. 1997). However, Section 3104(c)(6) does not create jurisdiction over every party to a guaranty agreement simply because one party is a Delaware corporation. *See 300 W 22 Realty, LLC v. Strathmore Ins. Co.*, 2023 WL 2300628, at *4 (Del. Super. Ct. Mar. 1, 2023). Instead, the statute looks to the "person, property, risk, contract, obligation or agreement" for which the underlying guaranty agreement is intended to act as a surety. 10 Del. C. § 3104(c)(6); *see Republic Env't Sys., Inc. v. RESI Acquisition (Del.). Corp.*, 1999 WL 464521, at *2 (Del. Super. Ct. May 28, 1999). In this case, the "person"[3] that the 1995 Guaranty intended to benefit was Alliance Glass & Metal. Stated differently, the 1995 Guaranty was intended to act as a surety for Alliance Glass & Metal's financial obligations. The "person" and "obligation" categories are the only ones that apply; the 1995 Guaranty does not discuss any property, specify any risk, or identify any outside contract or agreement.

Section 3104(c)(6) looks to whether the person or obligation is "located, executed or to be performed within the State at the time the contract is made." 10 Del. C. § 3104(c)(6). "'Located' in this context refers to where the guarantee, in this case [Alliance Glass & Metal], is located." *Now Plastics, Inc. v. JC Cap. Partners LLC*, 2025 WL 2366029, at *5 (Del. Super. Ct. Aug. 14, 2025). Neither party disputes that Alliance Glass & Metal is an Illinois-based company. Nor has Kawneer alleged that Alliance Glass & Metal has committed acts in Delaware that would make it "present" in the state for purposes of personal jurisdiction. Similarly, nothing in the 1995 Guaranty indicates that the agreement was to be executed or performed in Delaware; the 1995 Guaranty does not mention Delaware at all. (*See* D.I. 1-1, Ex. B). Section 3104(c)(6) only applies to obligations that are to be executed or performed "at the time the contract is made." 10 Del. C. §

---

[3] For purposes of Delaware's long-arm statute, a corporation is a person. *Republic Env't Sys.*, 1999 WL 464521, at *2.

5

3104(c)(6).  Thus, because future debts are debts that do not exist in the present, it is irrelevant that the Guaranty included a provision to apply to future debts.

Contrary to Kawneer's arguments (D.I. 23 at 7–8), this conclusion does not change when considering that Kawneer, a Delaware corporation, accepted the 1995 Guaranty.[4]  In the cases Kawneer cites, personal jurisdiction over a guarantor is created when the guarantee is a Delaware entity.  *See Republic Env't Sys.*, 1999 WL 464521, at \*3; *1st Source Bank v. Merritt*, 759 F. Supp. 2d 505, 509 (D. Del. 2011).  These cases do not extend personal jurisdiction over a guarantor when the lender is the only Delaware entity.   Kawneer has failed to demonstrate that the Filipiaks agreed to act as s surety for any "any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made."  10 Del. C. § 3104(c)(6).  As Kawneer has not asserted that personal jurisdiction exists under any other provision of Delaware's long-arm statute, it has failed to meet the first requirement for this Court to have personal jurisdiction over the Filipiaks.

Since the failure to establish long-arm jurisdiction means that the personal jurisdiction over the Filipiaks does not exist, I do not need to consider the constitutional issue, that is, whether personal jurisdiction over the Filipiaks would comport with the Due Process Clause of the Fourteenth Amendment.  So I do not decide that issue.[5]  As the only connection the 1995 Guaranty

---

[4] While it does not appear that Kawneer signed the 1995 Guaranty (*see* D.I. 1-1, Ex. B at 1), Kawneer asserts that it accepted the Guaranty in March 1995 as part of Alliance's credit application (D.I. 23 at 4; D.I. 30-1, Ex. A at ¶ 6).  Larry Filipiak disputes the acceptance and ongoing applicability of the 1995 credit application.  (D.I. 29 at 3–4).  As it is ultimately irrelevant to the current motion, I do not address the dispute regarding the credit application.

[5] I nevertheless note the case law suggesting the personal jurisdiction would be inconsistent with the Due Process Clause. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985); *Summit Investors II, L.P. v. Sechrist Indus.*, 2002 WL 31260989, at \*4 (Del. Ch. Sept. 20, 2002); *1st Source Bank v. Merritt*, 759 F. Supp. 2d 505, 509–10 (D. Del. 2011).

had to Delaware was the acceptance by a Delaware corporation, this Court cannot exercise personal jurisdiction over the Filipiaks.[6]

## III.    CONCLUSION

As this Court does not have personal jurisdiction over Richard and Larry Filipiak, I do not consider the other issues they raise in the motion to dismiss.

An appropriate order will issue.

---

[6] As Kawneer has failed to assert a prima facie case of personal jurisdiction over the Filipiaks, I do not consider the remainder of the Filipiaks' personal jurisdiction arguments.